EDWARD C. CASEY, JR., ESQ.    CSB: 123702
Law Offices of Edward C. Casey, Jr.
600 Grand Avenue, Suite 305
Oakland, California 94610
Telephone: 510.251.2300

Attorneys for Plaintiff Mark Thompson

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARK THOMPSON,                          )    Case No. 20-8865
                                        )
                    Plaintiff,          )    **COMPLAINT FOR DAMAGES**
                                        )
        v.                              )
                                        )
WOLVERINE SERVICES, LLC, and            )
DOES 1 to 30,                           )
                                        )
                    Defendants.         )
_____    )    **DEMAND FOR JURY TRIAL**

Comes now, plaintiff, MARK THOMPSON (hereinafter "THOMPSON"), and for causes of action against defendants, and each of them, alleges as follows:

//

//

//

//

1

Complaint for Damages - Case No. 20-8865

## JURISDICTION

1. THOMPSON is a resident of California.

2. Defendant Wolverine Services, LLC (hereinafter "WOLVERINE") is an Alaska limited liability corporation with principal place of business in Colorado.

3. The actionable damages about which THOMPSON complains herein include a cervical spine injury which necessitated a multi-level surgery with vertebral fusions. THOMPSON alleges that his actionable damages, as alleged in further detail below, exceed $75,000.00 (Seventy Five Thousand dollars), exclusive of interest and costs.

4. Therefore, subject matter jurisdiction exists based on diversity of citizenship pursuant to 22 U.S.C. §1332.

## VENUE

5. Venue is proper is this judicial district pursuant to 28 U.S.C. §1391(b)(2) because the events giving rise to the claim occurred in this judicial district.

## INTRADISTRICT ASSIGNMENT

6. This action involves an injury to THOMPSON brought about by the negligent maintenance, repair, or activation of a barrier gate located at 800 Buchanan Street, Albany, Alameda County, California. Therefore, Oakland is the proper assignment pursuant to Civil L.R. 3-2(d).

## PARTIES

7. At all times mentioned herein, THOMPSON was and is a resident of El Sobrante, County of Alameda, California.

2

Complaint for Damages - Case No. 20-8865

8. At all times mentioned herein WOLVERINE was and is an Alaska limited liability corporation with principal place of business in Colorado.

9. THOMPSON is ignorant of the true names and capacities of defendants DOES 1 to 30, inclusive, and therefore sues these defendants by such fictitious names. THOMPSON is informed and believes and thereon alleges that each defendant so named is legally responsible in some manner for the injuries and damages suffered by the THOMPSON as set forth herein. THOMPSON will amend his complaint to state the true names and capacities of DOES 1 to 30, inclusive, when each such name has been ascertained.

10. At all times mentioned herein, THOMPSON is informed and believes and thereon alleges that each and every defendant was the agent, employee, and/or servant of every other defendant, and performed the acts complained of herein in the course and scope of such agency, servitude, and/or employment, and was acting with the consent, ratification, permission, knowledge, and authorization of each of the remaining defendants. All of the acts and/or conduct of each defendant alleged in the causes of action into which this paragraph is incorporated by reference were consented to, ratified, approved, and/or authorized by the defendants, and each of them.

## FACTUAL ALLEGATIONS

11. THOMPSON incorporates by reference as if fully set forth and alleged herein, paragraphs 1 through 10 of this complaint into the factual allegations.

12. On the morning of December 20, 2018, THOMPSON was delivering a package to U.S.D.A. - Agricultural Research Service (hereinafter "ARS"), located at 800 Buchanan

3

Street, Albany, California. At the time of delivery, THOMPSON was acting in the course and scope of his employment with Federal Express Corporation.

13. Before the date of the subject incident, THOMPSON had routinely delivered packages to homes and businesses in the area, including the ARS, using a Federal Express truck provided by his employer.

14. THOMPSON drove into the "shipping and receiving" entrance driveway located on the northwest side of the subject property. He stopped his vehicle in front of a barrier gate at that location.

15. As was the custom and practice for early morning deliveries, he honked the truck's horn to let the ARS employees know that he had arrived to deliver a package. Shortly thereafter, ARS employee, Jaszmyn Yambao, came out of the facility and walked over to the barrier gate to accept delivery of a package addressed to the ARS.

16. THOMPSON got out of his delivery truck with the package and approached the barrier gate. He handed the package to Ms. Yambao over the top of the barrier gate.

17. As soon as he did so, the barrier gate suddenly activated and began to rise quickly. THOMPSON was not able to get out of the way or otherwise protect himself and was struck in the face/head by the barrier gate.

18. THOMPSON is further informed and believes and thereon alleges that WOLVERINE, by and through its employees and/or agents, failed to maintain, repair, and/or operated the subject barrier gate such that is was prone to sudden, erratic, and unexpected activation, like what occurred at the time of the subject incident. In the alternative,

4

Complaint for Damages - Case No. 20-8865

THOMPSON alleges that an unknown person(s) activated the subject barrier gate when THOMPSON was handing the package to Ms. Yambao, thereby causing it to strike him in the head and/or face.

19. Later on the day of the subject incident, THOMPSON returned to the subject ARS facility to file an incident report. While he was there, ARS employee Linda Weathers stated "the gate has been malfunctioning and now someone has gotten hurt."

20. At some point after the subject incident, a traffic cone was placed in front of the barrier gate. Attached to the traffic cone was a piece of paper bearing the following typed wording: "GATE IS NOT WORKING  PLEASE USE THE FRONT ENTRANCE  THANK YOU." The same sign was attached to a cyclone fence which was drawn closed directly behind the subject barrier gate after normal business hours.

21. THOMPSON is informed and believes that WOLVERINE had been retained by the ARS, U.S.D.A., and/or another governmental agency or department to maintain, operate, and/or repair the gates at the subject facility, including the subject barrier gate.

**FIRST CAUSE OF ACTION**
Negligence - As to WOLVERINE and DOES 1 to 30

22. THOMPSON incorporates by reference as if fully set forth and alleged herein, paragraphs 1 through 21 of this complaint into the First Cause of Action.

23. The conduct of the defendants, and each of them, as outlined herein, constitutes negligence in the performance of their obligations to maintain and/or repair the subject barrier

5

Complaint for Damages - Case No. 20-8865

gate such that it functioned properly and did not pose a risk of sudden and unexpected activation so as to be a safety hazard to persons standing near it.

24. Defendants, and each of them, had a duty to act and/or refrain from conduct which might reasonably tend to injure persons, including THOMPSON. Defendants, and each of them, including but not limited to WOLVERINE and/or DOES 1 to 30 breached this duty by, inter alia, failing to repair or maintain the barrier gate and/or by failing to warn of the danger posed by the barrier gate.

25. As a legal result of such conduct, THOMPSON has suffered injuries to his head and neck, including damage to his cervical spine which required surgical repair, vertebral fusions, and the insertion of surgical hardware.

26. THOMPSON seeks damages for his injuries including but not limited to past and future wage loss and/or loss of earning capacity, past and future medical expenses, general damages, and other costs, fees, and damages as further set forth herein.

### PRAYER FOR RELIEF

Wherefore, THOMPSON prays for judgment against defendants, and each of them, jointly and severally, as follows:

1. For general damages according to proof;

2. For special damages according to proof;

3. For interest at the legal rate on all sums awarded as damages;

5. For attorney's fees incurred herein;

6

6. For case costs herein incurred;

7. For such other and further relief as the Court may deem proper.

DATED: December 14, 2020         LAW OFFICES OF EDWARD C. CASEY JR.


By:_____
        EDWARD C. CASEY, JR.
        Attorneys for Plaintiff Mark Thompson


## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 3-6(a), Plaintiff THOMPSON hereby demand a trial by jury on the cause(s) of action set forth herein.


DATED: December 14, 2020         LAW OFFICES OF EDWARD C. CASEY JR.


By:_____
        EDWARD C. CASEY, JR.
        Attorneys for Plaintiff Mark Thompson

7

Complaint for Damages - Case No. 20-8865