UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARK THOMPSON,

    Plaintiff,

v.

WOLVERINE SERVICES, LLC,

    Defendant.

Case No. 20-cv-08865-TSH

**ORDER GRANTING MOTION TO INTERVENE**

Re: Dkt. No. 16

## I.   INTRODUCTION

Federal Express Corporation moves to intervene pursuant to Federal Rule of Civil Procedure 24(b)(1)(B) in this negligence case brought by Plaintiff Mark Thompson, one of its drivers. ECF No. 16. No opposition has been received. The Court finds this matter suitable for disposition without oral argument and **VACATES** the April 1, 2021 hearing. *See* Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** FedEx's motion for the following reasons.

## II.   BACKGROUND

On the morning of December 20, 2018, Thompson was delivering a package to USDA Westerb Regional Research Center ("ARS"), located at 800 Buchanan Street, Albany, California. Compl. ¶ 12, ECF No. 1. Thompson got out of his truck with the delivery item and was handing it over to an ARS employee across the top of a barrier gate when the gate suddenly activated. *Id.* ¶¶ 15-17. The barrier gate rose abruptly and struck Thompson in the head and face. *Id.* ¶ 17. ARS has claimed that the gate was being maintained by Defendant Wolverine Services, LLC. *Id.* ¶ 18. Thompson filed this case on December 14, 2020, alleging one claim of negligence. As of September 22, 2020, FedEx has paid $112,088.81 in benefits to, or on behalf of, Thompson. Mot.

1  at 2.

## III. LEGAL STANDARD

Rule 24(b) governs permissive intervention. Rule 24(b)(1)(B) "requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011) (citations omitted). Where litigants timely intervene, courts consider several factors in deciding whether to permit intervention, including:

> the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case[,] whether changes have occurred in the litigation so that intervention that was once denied should be reexamined, whether the intervenors' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

*Perry v. Schwarzenegger*, 630 F.3d 898, 905 (9th Cir. 2011) (quoting *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977)). District courts have "broad discretion to make this determination." *Id.*

## IV. DISCUSSION

The Court finds permissive intervention appropriate here. As to jurisdiction, FedEx is a Delaware corporation, Thompson is a resident of California, and Wolverine is an Alaska LLC with its principal place of business in Colorado. Compl. ¶¶ 1-2; Javan Decl. ¶ 3-4 & Ex. A, ECF No. 16-1. Further, FedEx alleges it has already paid $112,088.81 in benefits as a result of Thompson's injury. Thus, FedEx has established an independent ground for jurisdiction. *See* 28 U.S.C. § 1332 (A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state.").

FedEx's motion is also timely. In assessing timeliness, courts must consider three factors: "the stage of the proceedings, the prejudice to existing parties, and the length of and reason for the delay." *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997). This

case is in its preliminary stages, with Wolverine having just filed its answer and the initial case management conference two months away. Further, the basis for FedEx's intervention is under the California Labor Code, and section 3853 of the Labor Code provides: "If the action is brought by either the employer or employee, the other may, at any time before trial on the facts, join as party plaintiff or shall consolidate his action, if brought independently."

Finally, FedEx has established that it shares a common question of law or fact because Thompson verifies that at the time of his injury he was acting in the course and scope of his employment with "Federal Express Corporation." Compl. ¶ 12.

Turning to the factors articulated in *Perry*, intervention would not unduly delay or otherwise prejudice the adjudication of the original parties' rights. Most important, it is clear that "the nature and extent of [FedEx's] interest" is substantial, given that Thompson was acting as its employee, as well as its past and likely continued benefits payments to, or on behalf of, Thompson. *See Perry*, 630 F.3d at 905. Given this analysis, the Court finds that FedEx's participation will likely contribute "to the just and equitable adjudication of the legal questions presented." *See id.*

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** FedEx's motion. Federal Express Corporation shall file its complaint-in-intervention forthwith.

**IT IS SO ORDERED.**

Dated: March 4, 2021

THOMAS S. HIXSON
United States Magistrate Judge